

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,090-01

### EX PARTE NATALIE COLE ROCHA, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2007-1142-C1A IN THE 19th DISTRICT COURT FROM McLENNAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Rocha v. State*, No. 10-08-0024-CR (Tex. App.—Waco Sept. 24, 2008) (not designated for publication).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance in this case. In response to Applicant's claim, the trial court has obtained a detailed affidavit from counsel and recommends that relief be denied. However, counsel's affidavit does not specifically address

the alleged statement made by Jessica Gomez to the police. Therefore, we do not believe the record is sufficient to address the totality of Applicant's ineffective assistance of counsel claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to file a supplemental affidavit responding to Applicant's claim of ineffective assistance of counsel as it relates to the alleged statement made by Ms. Gomez.

After obtaining a supplemental affidavit from counsel, the trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 24, 2016
Do not publish